## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| **JAMIE SLUMP,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 5821 NW 72nd Street, | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. _____ |
| **BOARD OF CURATORS OF** | ) | |
| **UNIVERSITY OF MISSOURI d/b/a** | ) | |
| **UNIVERSITY OF MISSOURI** | ) | |
| **HEALTHCARE** | ) | |
| 316 University Hall | ) | |
| Columbia, MO  65211, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **AYA HEALTHCARE SERVICES, INC.,** | ) | |
| *Serve Registered Agent:* | ) | |
| CSC-Lawyers Incorporating Service | ) | |
| Company | ) | |
| 221 Bolivar Street | | |
| Jefferson City, MO 65101 | | |
| | | |
| Defendant. | | |

## COMPLAINT FOR DAMAGES

COMES NOW**,** Jamie Slump (hereinafter "Plaintiff"), by and through counsel, for her

cause of action against Defendant Board of Curators of University of Missouri d/b/a University

of Missouri HealthCare, ("Defendant MU") and Aya Healthcare Services, Inc., ("Defendant

Aya") (collectively "Defendants")  states and alleges as follows:

## Introduction

1

1. This is an employment case arising under Americans with Disability Act as Amended ("ADAA"), 42 U.S.C. §§12101 and the Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Workers Fairness Act (PWFA).

2. Because of Defendant's illegal treatment in the terms, conditions, compensation, and privileges of her employment, Plaintiff has been damaged and seeks all remedies and relief available to her.

**<u>Parties and Jurisdiction</u>**

3. **Plaintiff Jamie Slump** ("Plaintiff") is a female citizen of the United States, residing in Douglas County, Omaha, Nebraska.

4. **Defendant Board of Curators of University of Missouri d/b/a University of Missouri Healthcare** ("Defendant" or "MU") is and was at all relevant times incorporated under the laws of Missouri and registered to conduct business in the state.

5. **Defendant Aya Healthcare Services, Inc.,** ("Defendant" or "Aya") is and was at all relevant times incorporated under the laws of Missouri and registered to conduct business in the state.

6. Upon information and belief, Defendant and Aya Healthcare Services, Inc., are joint and/or single employers of Plaintiff with substantial interrelation of operations.

7. In each of twenty (20) or more calendar weeks in the current or preceding calendar year, Defendants employed over five hundred (500) employees.

8. At all relevant times, Defendants were engaged in interstate commerce.

9. Defendant MU is an employer within the meaning of Title VII.

10. Defendant MU is an employer within the meaning of the ADAAA.

11. Defendant Aya is an employer within the meaning of Title VII.

12. Defendant Aya is an employer within the meaning of the ADAAA.

2

13. Plaintiff is an employee within the meaning of Title VII.

14. Plaintiff is an employee within the meaning of the ADAAA.

15. Jurisdiction is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1331 as some or all of Plaintiff's claims arise under the laws of the United States.

16. This Court has personal jurisdiction because the Plaintiff worked for Defendants in the Western District of Missouri and the Defendants conduct business within the Division.

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## Administrative Procedures

18. On or about May 24, 2024, Plaintiff filed timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") against both Defendants.

19. The EEOC and the MCHR issued to Plaintiff a Notice of Right to Sue on or about December 3, 2024.

20. This lawsuit is filed timely within ninety (90) days of the issuance of the Notice of Right to Sue.

21. The Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of the investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

22. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

23. This action is timely filed within the applicable statute of limitations.

## **General Factual Allegations**

24. Plaintiff re-alleges and incorporates herein by reference all the above-numbered paragraphs.

25. Plaintiff is female and was pregnant at the time of her termination by Defendant.

26. In December 2022, Plaintiff was hired by Aya Staffing Agency as a Traveling Registered Nurse.

27. On or about January 8, 2024, Plaintiff accepted a contract and began working for Defendant MU at their University of Missouri- Columbia Hospital in Columbia, Missouri.

28. The contract had a duration of thirteen (13) weeks, where Plaintiff would be making $2,367.28 per week.

29. Her contract stipulated that she would work three 12-hour shifts per week.

30. Defendant MU created the weekly or monthly schedule of the shifts Plaintiff worked.

31. Defendant MU set the rate of pay Plaintiff was compensated.

32. Defendant MU supervised Plaintiff's day-to-day employment and performance.

33. Defendant MU could discipline Plaintiff and required Plaintiff to follow MU Hospital rules, policies, and guidelines.

34. Defendant MU had the ability to hire and/or fire Plaintiff.

35. On her first day at the MU Hospital, Plaintiff was issued an Orientation Manual with a set of policies, procedures, and standards set by Defendant MU.

36. In late January 2024, Plaintiff found out she was pregnant with twins at the age of forty-two (42) years old.

37. Due to Plaintiff's age and the fact that she was having twins, her pregnancy was considered high risk.

4

38. In February 2024, Plaintiff received her work schedule with Defendant MU for the month of March.

39. The March 2024 schedule with Defendant MU required Plaintiff to not only work the twelve (12) hour shifts she knew of when she signed the contract, but also what they called, "cascading shifts," where nurses would be on-call for twelve-hour shifts following their regularly scheduled shifts.

40. These "cascading shifts" were randomly assigned to all nurses, regardless of if they were travel nurses, or permanent full-time employees.

41. This scheduling practice resulted in Plaintiff being regularly required to work twenty-four hours straight.

42. This scheduling would have been detrimental to the health of Plaintiff's pregnancy.

43. After she found out she was pregnant, Plaintiff emailed her supervisor, Lynzie Heimer ("Supervisor Lynzie") and requested the reasonable accommodations of a lunch break halfway through her shifts (Plaintiff was not allowed to take a lunch break during her 12 or 24 hour work shifts) and requested to not be scheduled for twenty-four (24) hour shifts.

44. In response to Plaintiff's email, Supervisor Lynzie stated she would forward the request for accommodation to Lisa [LNU] ("Supervisor Lisa"), as Supervisor Lisa, "was who hired [Plaintiff]."

45. Additionally, Supervisor Lynzie stated that, "I'm letting [Supervisor Lisa] make the decisions on the accommodations you are asking for."

46. Supervisor Lisa was out of the office until February 21, 2024.

47. When Supervisor Lisa returned on February 22, 2024, Plaintiff was terminated.

48. Supervisor Lisa informed Plaintiff that she (Plaintiff) was, "offloading her on-call shifts onto core staff" and that the core staff members are "taking the heat for her pregnancy."

49. Plaintiff asked Aya Staffing Agency about why the contract with Defendant MU was terminated and was told, "for not covering scheduled shifts."

50. Plaintiff had not missed a shift because of her pregnancy, or any other related medical condition.

51. During the duration of Plaintiff's employment contract with Defendant, she missed only one shift, on January 23, 2024, due to an ice storm.

52. During the duration of Plaintiff's employment contract with Defendant, she never asked anyone to pick up a scheduled shift, until the March 2024 schedule was released.

53. In other words, Plaintiff never had a shift covered for her by a coworker for her pregnancy.

54. The employee she asked, and who agreed, to cover a shift for Plaintiff, was a travel nurse through Aya Staffing Agency, not a full-time, permanent, or "core" staff member.

55. Plaintiff did not have a full-time, permanent, or "core" staff member sign up to cover a shift for her.

56. Plaintiff picked up three additional shifts when other "core" staff members could not work their scheduled shifts.

57. After losing her job, Plaintiff was left without income or affordable medical insurance, and was living in a city far from her family and friends with little to no support.

58. Shortly after losing her job, Plaintiff had a miscarriage; upon information and belief Plaintiff's job loss caused severe stress to her and her pregnancy and was a major contributing factor in her miscarriage.

## COUNT I
## Violation under 42 U.S.C. §2000(e) et. seq. ("Title VII")
## Sex Discrimination

59. Plaintiff re-alleged and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

60. Plaintiff is a pregnant female and therefore a member of a protected class.

61. During Plaintiff's employment, she informed Defendants that she was pregnant.

62. Defendants subjected Plaintiff to adverse employment actions, including but not limited to, treating Plaintiff less favorably than her co-workers who were not pregnant and terminating Plaintiffs position.

63. Plaintiff's pregnancy, and therefore sex, was at least a motivating or determining factor in the aforementioned adverse actions, including Defendants' decision to terminate Plaintiff's employment.

64. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants', and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine *respondeat superior.*

65. Defendants failed to make good faith efforts to establish or enforce policies to prevent illegal discrimination against their employees.

66. Defendants failed to properly train or otherwise inform their supervisors and employees of their duties and obligations under Title VII.

67. As shown by the foregoing, as a result of her sex and/or pregnancy and termination based on the same, Plaintiff suffered intentional discrimination at the hands of the Defendants in violation of the Title VII.

68. As a direct and proximate result of Defendants' action and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

69. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

70. Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other entities from similar conduct in the future.

71. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorney's fees from Defendants.

WHEREFORE, Plaintiff requests that the court enter judgment in her favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress and humiliation; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the court deems just and proper.

## COUNT II
**Violation under 42 U.S.C. §2000(e) et. seq. ("Title VII")**
**Failure to Accommodate Under the Pregnant Workers Fairness Act**

8

72. Plaintiff re-alleged and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

73. Plaintiff is a pregnant female and therefore a member of a protected class.

74. At all relevant times, Plaintiff suffered from serious medical conditions, because her high-risk pregnancy and related medical conditions are each an impairment that substantially limit one or more of her major life activities, including but not limited to working, bending, walking, standing, and/or lifting.

75. At all relevant times, Plaintiff was an individual protected by the Pregnant Workers Fairness Act because Defendants were aware that Plaintiff was pregnant and Plaintiff requested accommodations for that high risk pregnancy.

76. At all relevant times Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

77. Rather than provide Plaintiff with reasonable accommodation(s) for her pregnancy, including but not limited to, a lunch break and not to schedule Plaintiff for twenty-four-hour shifts, Defendants terminated Plaintiff.

78. Allowing the Plaintiff any of the above accommodation, without reprisal, would not have been an undue burden for Defendants.

79. Defendants refused to engage in the interactive process with Plaintiff to determine reasonable accommodations for her pregnancy.

80. In refusing to allow Plaintiff the aforementioned reasonable accommodations, without reprisal, Defendants failed to accommodate Plaintiff.

81. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants', and were at all such times acting within the scope and

9

course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine *respondeat superior*.

82. Defendants failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against their employees.

83. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws.

84. As shown by the foregoing, as a result of her termination, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the Pregnant Workers Fairness Act.

85. As a direct and proximate result of Defendants' action and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

86. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

87. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

88. Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other entities from similar conduct in the future.

89. Pursuant to the provisions of the Pregnant Workers Fairness Act, Plaintiff is entitled to recover reasonable   attorneys' fees from Defendants.

WHEREFORE, Plaintiff requests that the court enter judgment in her favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress and humiliation; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the court deems just and proper.

## COUNT III
### Violation under 42 U.S.C. §2000(e) et. seq. ("Title VII")
### Retaliation under the Pregnant Workers Fairness Act

90. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

91. Plaintiff engaged in protected activity under the Pregnant Workers Fairness Act by requesting reasonable accommodations from Defendants and for reporting her high risk pregnancy.

92. As a result of Plaintiff's above-referenced protected activities, Defendants took adverse actions against her, including but not limited to, treating Plaintiff less favorably than her non-pregnant coworkers and ultimately, terminating Plaintiff's employment on or about February 22, 2024.

93. Plaintiff's protected activities were at least a motivating or determining factor in Defendant's decision to take adverse actions against Plaintiff, including but not limited to, terminating Plaintiff's employment.

94. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or

ratified by Defendants, thus making Defendants liable for said actions under the doctrine *respondeat superior*.

95. Defendants failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against their employees.

96. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws.

97. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the Pregnant Workers Fairness Act.

98. As a direct and proximate result of Defendants' action and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

99. As a further direct and proximate result of the Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

100. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

101. Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other entities from similar conduct in the future.

102. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendants.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for

compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; punitive damages; and for such and further legal and equitable relief as the Court deems just and proper

## COUNT IV
### Violation of MO. REV. STAT. §§ 213.010 *et seq.*
### Sex Discrimination (Termination)

103.     Plaintiff re-alleges and incorporates herein by reference all of the above numbered paragraphs.

104.     Plaintiff is female and was pregnant at the time of her termination from Defendants, and therefore a member of a class of persons protected by the MHRA.

105.     Defendants terminated Plaintiff's employment.

106.     Plaintiff's sex was at least a determining factor in Defendants' decision to terminated Plaintiff's employment.

107.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants', were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine of *respondeat superior*.

108.     Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees, including sex discrimination.

109.     Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

110.     As shown by the foregoing, Plaintiff suffered intentional discrimination based on her sex.

13

111. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

112. Plaintiff is entitled to recover reasonable attorneys' fees from Defendants as provided in MO. REV. STAT. § 213.111.2.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT V**
**Violation under 42 U.S.C. §§ 12101 et seq.**
**ADAAA Disability Discrimination**
**Termination**

113. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

114. At all relevant times, Plaintiff was an individual with a disability pursuant to ADAAA because her high risk pregnancy and/or related medical conditions are each an impairment that substantially limited one or more of her major life activities, including but not limited to, working, bending, walking, standing, and/or lifting, and major bodily functions.

115. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because Defendants regarded Plaintiff as having a disability and/or Plaintiff had a record of a disability.

116. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because Defendants regarded her as having a physical impairment that substantially limited one or more of her major life activities and/or bodily functions.

117. At all relevant times, Plaintiff was a qualified individual pursuant to the ADAAA because she could perform the essential functions of her job with or without reasonable accommodation.

118. During Plaintiff's employment, Defendants subjected her to adverse employment actions, including but not limited to, treating Plaintiff less favorably than her non-disabled coworkers by terminating Plaintiff's employment.

119. In terminating Plaintiff's employment, Defendants subjected Plaintiff to an adverse employment action.

120. Plaintiff's disability and/or perceived disability was at least a motivating factor in the above referenced adverse employment actions, including but not limited to, Defendants' decision to terminate Plaintiff's employment.

121. At all relevant times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants', and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants thus making Defendants liable for said actions under the doctrine of *respondeat superior*.

122. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees.

123. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including ADAAA.

15

124.     As shown by the foregoing and as a result of her termination, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the ADAAA.

125.     As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

126.     As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

127.     Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

128.     Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover her reasonable attorneys' fees from Defendants.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

## COUNT VI
### Violation under 42 U.S.C. §§ 12101 et seq.
### ADAAA Retaliation

129.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

130. Plaintiff engaged in protected activity under the ADAAA by requesting reasonable accommodations from Defendants and for reporting her disability (high risk pregnancy).

131. As a result of Plaintiff's above-referenced protected activities, Defendants took adverse actions against her, including but not limited to, treating Plaintiff less favorably than her non-disabled coworkers and ultimately, terminating Plaintiff's employment on or about February 22, 2024.

132. Plaintiff's protected activities were at least a motivating or determining factor in Defendant's decision to take adverse actions against Plaintiff, including but not limited to, terminating Plaintiff's employment.

133. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine *respondeat superior*.

134. Defendants failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against their employees.

135. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the ADAAA.

136. As shown by the foregoing, as a result of her termination, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the ADAAA.

137. As a direct and proximate result of Defendants' action and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

138. As a further direct and proximate result of the Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

139. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

140. Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other entities from similar conduct in the future.

141. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendants.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; punitive damages; and for such and further legal and equitable relief as the Court deems just and proper.

## <u>COUNT VII</u>

**Violation under 42 U.S.C. §§ 12101 et seq.**
**ADAAA Disability Discrimination**
**Failure To Accommodate**

142. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the above numbered paragraphs.

143. At all relevant times, Plaintiff suffered from serious medical conditions, because her high-risk pregnancy and related medical conditions are each an impairment that substantially limit

one or more of her major life activities, including but not limited to working, bending, walking, standing, and/or lifting.

144. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because Defendants regarded Plaintiff as having a disability and/or Plaintiff had a record of a disability.

145. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because Defendants regarded her as having a physical impairment that substantially limited one or more of her major life activities and/or bodily functions.

146. At all relevant times, Plaintiff was a qualified individual pursuant to the ADAAA because she could perform the essential functions of her job with or without reasonable accommodation.

147. Rather than provide Plaintiff with reasonable accommodation(s) for her disability, including but not limited to, a lunch break and not to schedule Plaintiff for twenty-four-hour shifts, Defendants terminated Plaintiff.

148. Allowing the Plaintiff any of the above accommodation, without reprisal, would not have been an undue burden for Defendants.

149. Defendants refused to engage in the interactive process with Plaintiff to determine reasonable accommodations for her disability.

150. In refusing to allow Plaintiff the aforementioned reasonable accommodations, without reprisal, Defendants failed to accommodate Plaintiff.

151. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants', and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly

19

authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine *respondeat superior*.

152.    Defendants failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against their employees.

153.    Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the ADAAA.

154.    As shown by the foregoing, as a result of her termination, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the ADAAA.

155.    As a direct and proximate result of Defendants' action and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

156.    As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

157.    By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

158.    Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other entities from similar conduct in the future.

159.    Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendants.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for

compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; punitive damages; and for such and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

CORNERSTONE LAW FIRM

By: /s/ Katherine L. Cooper

Ryan M. Paulus          MO 59712
Katherine L. Cooper    MO 75514
5821 NW 72nd Street
Kansas City, MO 64151
Tel: (816) 581-4040
Facsimile: (816) 741-8889
r.paulus@cornerstonefirm.com
k.cooper@cornerstonefirm.com

**ATTORNEYS FOR PLAINTIFF**